UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

L.M.G.,

        Plaintiff,

v.

David Edward Campbell, acting
in his individual capacity as a
Minneapolis Police Officer, and
the City of Minneapolis,

        Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 24-4622 ADM/DTS

___

Paul D. Peterson, Esq., Harper & Peterson, PLLC, Woodbury, MN; Randall G. Knutson, Esq. and Timothy J. Lessman, Esq., Knutson+Casey Law Firm, Mankato, MN, on behalf of Plaintiff.

Heather Passe Robertson, Esq., Kristin R. Sarff, Esq., and Sharda R. Enslin, Esq., Minneapolis City Attorney's Office, Minneapolis, MN, on behalf of Defendants.

___

## I. INTRODUCTION

On April 9, 2025, the undersigned United States District Judge heard oral argument on Defendants David Edward Campbell ("Campbell") and City of Minneapolis' ("City") Motion to Dismiss [Docket No. 7].[1]  Defendants argue that Plaintiff L.M.G.'s federal claims under 28 U.S.C. § 1983 for conduct that occurred in 2017 must be dismissed as untimely.  For the reasons stated below, Defendants' Motion is granted, the § 1983 claims are dismissed, and the Court declines to exercise supplemental jurisdiction over L.M.G.'s state law claims.

___

[1] The Court was also scheduled to hear Plaintiff L.M.G.'s Motion for Partial Summary Judgment [Docket No. 18].  During the hearing, L.M.G.'s counsel withdrew this motion without prejudice to refiling the motion were the case to proceed beyond Defendants' Motion to Dismiss.

## II.  BACKGROUND[2]

Between February and September 2017, Plaintiff L.M.G. was criminally sexually assaulted on at least two occasions by Defendant Campbell while he was employed and on duty as a Minneapolis Police Officer.  Compl. [Docket No. 1] ¶¶ 4, 10, 12, 15, 17-18.  L.M.G. was 16 years old when the abuse occurred and was dating Campbell's son and living with Campbell's family.  Id. ¶ 9.

The assaults took place while L.M.G. was participating in the City's Ride-Along Program, which permits members of the public to "ride-along" in a squad car to familiarize themselves with police work.  Id. ¶¶ 11-13.  Campbell took L.M.G. on more than 20 ride-alongs alone in his squad car late at night and into the early morning hours.  Id. ¶¶ 15.  During two of the ride-alongs, Campbell sexually assaulted L.M.G.  Id. ¶¶ 17-18.  L.M.G. told Campbell to stop and tried pushing him away during one of the assaults, but Campbell told her to stop resisting.  Id. ¶ 18.  On another ride-along, Campbell threatened to shoot L.M.G. if she told anyone about the assaults.  Id. ¶ 19.

In September 2017, LMG reported Campbell's sexual abuse to a school social worker, and Campbell was arrested.  Id. ¶ 21.  Following a state court trial in September 2018, Campbell was convicted of two counts of criminal sexual conduct, terroristic threats, and stalking.  Id. ¶ 22.  He was sentenced to 57 months in prison.  Id. ¶ 23.

On December 23, 2024, L.M.G. filed this lawsuit against Campbell and the City.  Count 1 asserts a § 1983 claim against Campbell for Fourth and Fourteenth Amendment violations.  Id. ¶¶ 2, 24-26.  Count 2 asserts a § 1983 claim against the City for liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  Id. ¶¶ 27-30.  L.M.G. also asserts pendant

---

[2] In considering Defendants' Motion to Dismiss, the Court takes the facts alleged in L.M.G.'s Complaint to be true.  See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir.1994).

2

state-law claims for sexual abuse, assault, battery, negligence, vicarious liability, respondeat superior, and negligent supervision.  Id. ¶¶ 31-57.

Defendants now move to dismiss L.M.G.'s § 1983 claims as barred by the six-year statute of limitations for § 1983 claims in Minnesota.  Defendants argue that more than seven years have elapsed between the last instance of abuse in September 2017 and the filing of this action in December 2024.  L.M.G. opposes the motion, arguing that the statute of limitations did not begin to run until she turned 18 in January 2019, and that she filed this case less than six years later.

### III.  DISCUSSION

#### A. Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.

To survive a motion to dismiss, a pleading must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred."  Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081 (8th Cir. 2018).

B.  **Timeliness of § 1983 Claims**

   1. **Applicable Statute of Limitations**

Because § 1983 does not include a statute of limitations, courts apply the general statute of limitations for personal-injury actions in the state where the claim arose. Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Okure, 488 U.S. 235, 250 (1989). In Minnesota, the general personal-injury statute of limitations is six years. Minn. Stat. § 541.05, subd. 1(5); United States v. Bailey, 700 F.3d 1149, 1153 (8th Cir. 2012) ("The statute of limitations on claims under 42 U.S.C. § 1983 . . . is six years in Minnesota.").

A forum state's generally applicable tolling laws, including those based on minority or incapacity, are also applied to § 1983 claims. DeVries v. Driesen, 766 F.3d 922, 923 (8th Cir. 2014). Minnesota's minority statute provides that a plaintiff "must commence the action either within one year of reaching the age of majority or within the six-year period of limitation, whichever is later." D.M.S. v. Barber, 645 N.W.2d 383, 387 (Minn. 2002) (interpreting Minn. Stat. 541.15(a)(1)). Here, L.M.G. was sixteen when the cause of action arose, and so the longer period would be the six-year statute of limitations.

Minnesota law also includes a specialized statute of limitations for child sexual abuse claims under the Child Victims Act, Minn. Stat. § 541.073. However, this limitations period does not apply to L.M.G.'s § 1983 claims because the Supreme Court has instructed that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens, 488 U.S. at 249–50.

Accordingly, L.M.G. was required to file her § 1983 action within six years of September 2017, the time her claims accrued.

4

**2. Accrual Date**

When a § 1983 claim accrues "is a question of federal law that is *not* resolved by reference to state law." Wallace, 549 U.S. at 388 (emphasis in original). The accrual date is "governed by federal rules conforming in general to common-law tort principles." Id. "Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action," meaning "when the plaintiff can file suit and obtain relief." Id. (quotation marks and alterations omitted); accord Rassier v. Sanner, 996 F.3d 832, 836 (8th Cir. 2021); Humphrey, 891 F.3d at 1081–82. Federal common law principles also provide that a claim accrues when a plaintiff knows or should have known of the injury. See King-White v. Humble Indep. Sch. Dist., 803 F.3d 754, 762 (5th Cir. 2015) ("[U]nder federal law, a claim accrues and the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured"); Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 581 (9th Cir. 2012) ("The general common law principle is that a cause of action accrues when the plaintiff knows or has reason to know of the injury.").

Here, L.M.G. had a complete cause of action when she was first assaulted by Campbell, and the last assault occurred in September of 2017. The allegations in the Complaint show that L.M.G. knew at the time of the assaults that Campbell's conduct was wrongful, because she pushed Campbell away and told him to stop, and she also reported the abuse to a school social worker. Accordingly, L.M.G.'s claim against Campbell for violations of her Fourth and Fourteenth Amendment rights accrued no later than September 2017. L.M.G.'s Monell claim, which alleges that the City's deliberate indifference to the risk of sexual misconduct by police officers caused the violation of her constitutional rights, also would have accrued at the time

5

L.M.G. was assaulted.  See Brand v. City of Wentzville, No. 20-CV-01758, 2022 WL 594513, at *5 (E.D. Mo. Feb. 28, 2022) (holding Monell claim against city for failure to train to prevent assaults accrued when plaintiff was assaulted).  The six-year period for L.M.G.'s § 1983 claims thus expired in September 2023, more than a year before L.M.G. filed this action in December 2024.

To avoid this result, L.M.G. argues that her claims did not accrue until her eighteenth birthday because the Minnesota Supreme Court has held that "a reasonable person under the legal disability of infancy is incapable of recognizing or understanding that he or she has been sexually abused."  Pl.'s Resp. Br. [Docket No. 14] at 3 (quoting D.M.S. v. Barber, 645 N.W.2d 383, 389 (Minn. 2002)).  L.M.G. turned 18 in 2019 and filed this action in December 2024, less than six years later.  She thus contends that her claims are timely.

This argument lacks merit because the accrual of § 1983 claims is governed by principles of federal law, not state law.  Wallace, 549 U.S. at 388.  The Minnesota Supreme Court case on which L.M.G. relies was interpreting a previous version of Minnesota's Child Victim's Act which included a "delayed discovery" provision that has since been removed from the statute. See  D.M.S. v. Barber, 645 N.W.2d at 387 (citing Minn. Stat. § 541.073 subd. (2)(a) (2000)). This state court case analyzing a former version of a state statute does not constitute federal common law and is not relevant to this lawsuit.  See Sacks v. Univ. of Minnesota, 600 F. Supp. 3d 915, 940 (D. Minn. 2022) (rejecting argument for delayed accrual under previous Child Victims Act because "Plaintiffs identify no legal authority or factual basis that might justify applying a version of the Child Victims Act that came off the books in 2013 to a [§ 1983] lawsuit filed in [2024].").

6

L.M.G. does not cite nor has the Court found any federal authority to support the proposition that minors are incapable of knowing they have been sexually abused until they are 18. To the contrary, federal courts in this circuit and others have held that a § 1983 claim based on child sexual assault accrues at the time of the abuse if the allegations show that plaintiff knew the abuser's conduct was wrongful when it was occurring. See Walker v. Barrett, 650 F.3d 1198, 1205-06 (8th Cir. 2011) (holding plaintiff's § 1983 claims accrued when he was sexually assaulted at age 15 because the complaint established that plaintiff understood the abuse to be wrong at the time it occurred); Sacks, 600 F. Supp. 3d at 939 (holding that plaintiffs' § 1983 claims accrued at the time plaintiffs were assaulted at ages 15, 16, and 17); Varnell v. Dora Consol. Sch. Dist., No. 12-CV-905, 2013 WL 12146483, at *6 (D.N.M. May 13, 2013) (holding § 1983 claim accrued when plaintiff was sexually assaulted at age 15 because plaintiff's allegations that she was repulsed by the abuse when it was occurring and that she considered seeking help showed that she knew the abusive conduct was wrongful), report and recommendation adopted, No. 12-CV-905, 2013 WL 12149185 (D.N.M. June 24, 2013), aff'd, 756 F.3d 1208 (10th Cir. 2014).

L.M.G.'s allegations that she told Campbell to stop and tried pushing him away when he assaulted her, and that she reported the conduct to a social worker at her school, establish that she knew the abusive conduct was wrongful at the time it occurred. Accordingly, her § 1983 claims accrued and the statute of limitations began to run no later than the last assault in September 2017. Because L.M.G. did not file this action until more than seven years later in December 2024, her § 1983 claims are barred by the six-year statute of limitations.

**C. State Law Claims**

L.M.G.'s state law claims are before the Court based on supplemental jurisdiction under 28 U.S.C. § 1367(a). A federal district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Barstad v. Murray Cnty., 420 F.3d 880, 888 (8th Cir. 2005) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

The Court declines to exercise supplemental jurisdiction here because the federal claims are being dismissed well before trial and the case remains in the early stages of litigation. Accordingly, the state-law claims are dismissed without prejudice "so that [they] may be considered, if at all, by the courts of Minnesota." Hervey v. County of Koochiching, 527 F.3d 711, 726 (8th Cir. 2008).

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants David Edward Campbell and City of Minneapolis' Motion to Dismiss [Docket No. 7] is **GRANTED**;

2. The claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE;**

3. The state-law claims are **DISMISSED WITHOUT PREJUDICE**; and

8

4. This action is **DISMISSED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: May 28, 2025

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT